IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Artisan Construction Group, LLC     :
    :
       v.     :    No. 470 C.D. 2021
    :    Argued: March 7, 2022
Zoning Hearing Board of Upper     :
Pottsgrove Township, Montgomery     :
County, Pennsylvania     :
    :
Appeal of: Upper Pottsgrove Township    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE DUMAS                               FILED: April 25, 2022

Upper Pottsgrove Township (Township) appeals from an order of the Court of Common Pleas of Montgomery County (trial court), dated March 16, 2021, reversing a decision and order of the Zoning Hearing Board of Upper Pottsgrove Township (Board). The Board denied an appeal from a determination of the Township zoning officer that a proposal for development of property owned by Artisan Construction Group, LLC (Artisan) did not meet the Township's Age Qualified (AQ) Overlay District regulations, and denied, in the alternative, an application for variance filed by Artisan. Upon review, we remand for the issuance of an opinion under Pa. R.A.P. 1925(a).[1]

---

[1] Under Pa. R.A.P. 1925(a), the judge shall "file of record a brief opinion setting forth the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found."

## I. Background

Artisan is the owner of property in Montgomery County, located within the R-80 (Low Density Residential Zoning District) and the AQ Overlay District within the R-80 Zone. Artisan seeks to develop this property in two phases. Phase 1, consisting of 143 single-family homes, was approved by the Upper Pottsgrove Township's Board of Commissioners on November 18, 2019. Appeal from Board, 10/21/20, ¶ 7.[2] On March 26, 2020, Artisan requested that the zoning officer review Phase 2 of its development plan, which consists of 140 single-family homes (Phase 2A) and 122 townhomes (Phase 2B). *Id.* ¶¶ 8-11.[3] Artisan sought approval of Phase 2 pursuant to the AQ Overlay District regulations found in Section 350-187 of the Township's Zoning Ordinances. *Id.*; *see also* Upper Pottsgrove Twp., Pa., Zoning Ordinance § 350-187 (1976), *as amended*.

The zoning officer, by letter dated April 10, 2020, determined that neither Phase 2A nor Phase 2B complied with the requirements of the AQ Overlay District regulations. *Id.* ¶¶ 12-14. On April 24, 2020, Artisan submitted a revised plan to the zoning officer for review. *Id.* ¶ 15.[4] The zoning officer, by letter dated May 13, 2020, determined that Phase 2A complied with the AQ Overlay District regulations but that Phase 2B was still not in compliance. *Id.* ¶¶ 16-18. The zoning officer determined that Phase 2B, as revised, was not eligible for the AQ Overlay District because the road did not bisect Phase 1 and Phase 2B, but rather connected the two

---

[2] These facts and procedural history are not in dispute.

[3] Artisan's Appeal from the Board indicates that it filed an application for review of its plan on March 24, 2020. However, the letter sent by Artisan is dated March 26, 2020. Appeal from Board, Ex. A, Ltr., 3/26/20.

[4] Artisan's Appeal from the Board indicates that it submitted a revised plan on April 20, 2020. However, the letter sent by Artisan is dated April 24, 2020. Appeal from Board, Ex. A, Ltr., 4/24/20.

tracts of land, which are approximately 300 feet apart. *Id.* In addition, Phase 2B was not contiguous with the two tracts of Phase 1 and Phase 2A. *Id.*

Artisan filed an application with the Board, appealing the zoning officer's determination as to Phase 2B, and in the alternative, requesting a variance. *Id.* ¶ 19. The Board in its decision and order on September 21, 2020, denied Artisan's appeal "on the basis that [Phase 2B] does not meet the Eligibility Requirements for development pursuant to the [AQ] Overlay District, in that [Phase 2B] is not within 500 feet of a grade-separated interchange of PA 100." *Id.*, Ex. B, Board Order & Decision, 9/21/20. The Board also denied Artisan's request, in the alternative, for a use variance because Artisan failed to prove that any hardship exists on the property. *Id.* Artisan appealed to the trial court. *See generally id.* On March 16, 2021, the trial court issued an order, reversing the decision of the Board. Trial Ct. Order, 3/16/21. The trial court did not, in its order, provide any reasons or explanation for the reversal. *Id.*

On April 14, 2021, Township appealed from the trial court's Order. Township Notice of Appeal, 4/14/21. On the same day, the trial court issued an order, directing Township to file a Concise Statement of Errors Complained of On Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Statement) with the Prothonotary and to serve a copy of the Statement on the trial court judge either by mail or in person to the mailroom of the Montgomery County Courthouse. Trial Ct. Order, 4/14/21. The order directed that the Statement be filed no more than 21 days after the entry of the order on the docket. *Id.* The order further provided that (1) the failure to timely file and serve the Statement would be deemed a waiver of all claimed errors and (2) any issue not properly included in the timely filed and served Statement would be deemed waived. *Id.* Township's Statement was due on May 5,

2021. On May 5, 2021, Township electronically filed its Statement with the trial court's Prothonotary. Trial Ct. Docket at 2 (unpaginated). On the same day, Township sent a copy of the Statement via the United Parcel Service (UPS) to the judge. Trial Ct. Op., 6/11/21, at 5; Township's Br., App. E. The Statement was received by the judge the following day, May 6, 2021. Trial Ct. Op. at 5; Township's Br., App. E.

Thereafter, the trial court issued an Opinion suggesting that this Court quash Township's appeal for its failure to timely serve its Statement on the trial judge. Trial Ct. Op. at 5. In light of the trial court's Opinion, this Court directed the parties to address whether Township's appeal was subject to quashal. *See* Order, 6/16/21.

## II. Issues

In addition to considering whether to quash this appeal, Township challenges the trial court's reversal on several grounds. First, Township argues that the Board lacked jurisdiction to entertain Artisan's appeal because it failed to appeal a prior, identical determination of the zoning officer. Township's Br. at 33. Second, Township argues that the Board correctly determined that Phase 2B did not comply with the AQ Overlay District regulations because Phase 2B is not bisected from Phase 1 and Phase 2A by a road. *Id.* at 37. Finally, Township argues that the Board correctly determined that Artisan failed to establish a hardship that would entitle it to a use variance. *Id.* at 43.

## III.    Discussion

We first address whether Township's appeal should be quashed based on its alleged failure to timely serve its Statement on the trial court judge. In recommending quashal, the trial court noted Township's failure to include a United States Postal Service (USPS) Form 3817 (Certificate of Mailing) along with its

4

Statement. Trial Ct. Op. at 5. The trial court conceded that Township provided proof that it had timely deposited its Statement with a commercial carrier but nonetheless asserted its failure to include a Certificate of Mailing was fatal. *See id.* We disagree.

In our view, Township reasonably selected a commercial carrier to perfect service in a timely fashion. The Pennsylvania Rules of Appellate Procedure permit alternate forms of service in recognition of modern forms of communication. *See, e.g.*, Pa. R.A.P. 121(c)(1) (permitting service "by commercial carrier with delivery intended to be at least as expeditious as first class [USPS] mail if the carrier can verify the date of delivery to it"); *see also, e.g.*, Pa. R.A.P. 1925, *Note*: Subparagraph (b)(1) (contemplating "other proofs of timely service" and recognizing "the increasingly frequent preference of judges to receive electronic or facsimile copies of filings").

Further, Rule 1925 only requires a Certificate of Mailing when an appellant relies on USPS for delivery. In relevant part, Rule 1925 provides:

> Filing of record shall be as provided in Pa. R.A.P. 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa. R.A.P. 1112(c).

Pa. R.A.P. 1925(b)(1). Clearly, the purpose of a Certificate of Mailing is to provide *proof of timeliness* by establishing the date that a document was submitted to the USPS for delivery. If Township had taken the Statement to a U.S. Post Office and mailed it on May 5, 2021, and obtained a Certificate of Mailing upon mailing, the Certificate of Mailing would have provided proof that the Statement was served on the judge on that day.

5

In our view, Township's proof of delivery from a commercial carrier served the same purpose. Given the current language of Pa. R.A.P. 121(c)(1) and Pa. R.A.P. 1925(b)(1), which have broadened the proof of service requirements for judges, we conclude that the proof of delivery provided by Township was sufficient to establish timely service on the judge. We therefore decline to quash Township's appeal.

We turn now to the merits of Township's appeal.[5] Based on its recommendation that Township's appeal be quashed, the trial court did not address the contents of Township's Statement, nor did it provide an explanation for its decision to reverse the Board. Township argues that this Court can review the Board's decision without the benefit of an opinion from the trial court. We disagree.

The purpose of Pa. R.A.P. 1925(a), requiring a trial court to issue an opinion in support of its order, is to provide the appellate court with a basis for review. *Lemon v. Dep't. of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 537 (Pa. Cmwlth. 2000). As such, the lack of an opinion under Pa. R.A.P. 1925(a) would ordinarily require a remand unless the issues raised lend themselves to appellate review without an opinion, such as questions of law. *Id.*

In this case, the trial court's failure to address the merits of Township's arguments leaves this Court without a basis for review because the reason for the trial court's reversal of the Board's order is not evident on the face of the trial court's order or the record. Specifically, the Board denied Artisan's appeal on the merits because Phase 2B does not meet the eligibility requirements for the AQ Overlay

---

[5] Where the trial court has not taken additional evidence, this Court may review a zoning board's decision for an error of law or a manifest abuse of discretion. *Coal Gas Recovery, L.P. v. Franklin Twp. Zoning Hearing Bd.*, 944 A.2d 832, 837-38 (Pa. Cmwlth. 2008). We may find an abuse of discretion only when the zoning board's findings are not supported by substantial, competent evidence. *Zoning Hearing Bd. of Sadsbury Twp. v. Bd. of Supervisors of Sadsbury Twp.*, 804 A.2d 1274, 1278 (Pa. Cmwlth. 2002).

District regulations. However, the Board also denied Artisan's request, in the alternative, for a use variance. A reversal on the merits in effect is a determination that Phase 2B does meet the eligibility requirements for development pursuant to the AQ Overlay District regulations. A reversal on the Board's denial of a use variance, on the other hand, is in effect a determination that Phase 2B does not meet the eligibility requirements for development under the AQ Overlay District regulations, thereby requiring that a variance be granted for Artisan to move forward with its plans for development. The trial court's reversal, without clarification as to which aspect of the Board's decision it reversed, creates a juxtaposition for this Court in conducting its review. Accordingly, an opinion is needed from the trial court to enable this Court to conduct meaningful appellate review of Township's arguments on appeal.

### IV. Conclusion

Based on the foregoing, we remand to the trial court to prepare, within 30 days, an opinion in support of its March 16, 2021 order pursuant to Pa. R.A.P. 1925(a). The trial court, in its opinion, shall address the issues raised by Township in its Statement and provide an explanation for its reversal of the Board's decision and order.

LORI A. DUMAS, Judge

Judge Wallace did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Artisan Construction Group, LLC :
:
v. : No. 470 C.D. 2021
:
Zoning Hearing Board of Upper :
Pottsgrove Township, Montgomery :
County, Pennsylvania :
:
Appeal of: Upper Pottsgrove Township :

# **O R D E R**

AND NOW, this 25th day of April, 2022, we REMAND to the Court of Common Pleas of Montgomery County to issue an opinion pursuant to Pa. R.A.P. 1925(a) in support of its March 16, 2021 order, within 30 days of the date of this order. Jurisdiction retained.

_____
LORI A. DUMAS, Judge